**Ousmane LAOUANE, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

No. 08–1503–ag.

United States Court of Appeals, Second Circuit.

Aug. 25, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Anne E. Doebler, Buffalo, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER, ROBERT A. KATZMANN, and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ousmane Laouane, a native and citizen of Chad, seeks review of a March 4, 2008 order of the BIA affirming the December 1, 2003 decision of Immigration Judge ("IJ") John B. Reid, pretermitting his asylum application and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ousmane Laouane,* No. A97 303 819 (B.I.A. Mar. 4, 2008), *aff'g* No. A97 303 819 (Immig. Ct. Batavia Dec. 1, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008)(internal quotation marks omitted). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). As an initial matter, we decline to consider Laouane's unexhausted challenge to the IJ's pretermission of his asylum application as he failed to raise that challenge before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

■ While it was not without error, the agency's adverse credibility determination was ultimately supported by substantial evidence. The IJ relied on material inconsistencies in Laouane's testimony and between his testimony and the record evidence. For example, Laouane testified that his mother had been arrested three or four times, that she was questioned many times by government officials, and that the government had confiscated his home. He failed, however, to include those details in his asylum application. Moreover, although the arrest warrant that he submitted indicated that he was arrested in October 2001, he testified that he departed Chad in March 2001. Having called Laouane's credibility into question, the IJ properly found that the documents that Laouane submitted were "questionable at best." *Cf. Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007) (finding that, in the context of a motion to reopen, the BIA reasonably rejected the petitioner's evidence where the agency had previously found him not credible). Together, these discrepancies, and the absence of reliable corroborative evidence, served to undermine Laouane's withholding of removal claim. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 307 (2d Cir. 2003). Thus, while we find additional aspects of the IJ's decision flawed, we are confident that remand would be futile. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107 (2d Cir.2006).

Because the only evidence of a threat to Laouane's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief where both claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d

Cir.2005). Accordingly, we need not reach the agency's alternative finding that Laouane failed to meet his burden of proof even assuming his credibility.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.